IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
SOUTHERN DIVISION

| | | |
|---|---|---|
| AUTO-OWNERS INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. _____ |
| | ) | |
| BATTLE CREEK POWER SPORTS, LLC, | ) | |
| STEVEN SCOTT, AND LILY SCOTT | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Comes now Plaintiff Auto-Owners Insurance Company ("Auto-Owners"), by and through counsel, and respectfully submits its Complaint for Declaratory Judgment. For its Complaint for Declaratory Judgment, Auto-Owners would show the court as follows:

1. Auto-Owners is a Michigan corporation with its principal place of business in Michigan.

2. Defendant Battle Creek Power Sports, LLC, ("Battle Creek") is a Tennessee limited liability company with its principal place of business at 375 Commerce Place, Jasper, Tennessee 37347-5319. Upon information and belief, it is a single member limited liability company. Upon information and belief, the single member, Stan Sewell, is a Tennessee resident with an address of 608 Stone Brook Drive, Chattanooga, Tennessee 37415-2012. Service of process may be had upon Defendant Battle Creek by service upon its Registered Agent, Stan Sewell at 608 Stone Brook Drive, Chattanooga, TN 37415-2012.

3. Defendant Steven Scott ("Steven") is a citizen and resident of the State of Tennessee. He may be served with process at 629 Reads Lake Road, Chattanooga, Tennessee 37415-2041.

4. Defendant Lily Scott ("Lily") is a citizen and resident of the State of Tennessee. She may be served with process at 629 Reads Lake Road, Chattanooga, Tennessee 37415-2041.

## I. JURISDICTION AND VENUE

5. This action is brought under the Federal Declaratory Judgment Act, 28 U.S.C. §2201 and the Tennessee Declaratory Judgment Act, Tenn. Code Ann. §29-14-101 *et seq.*

6. Auto-Owners seeks a Declaratory Judgment concerning its rights and obligations under a State of Tennessee policy of insurance issued to Defendant Battle Creek. This action concerns an actual controversy over whether Auto-Owners had any duty to pay any uninsured motorist coverage benefits to Defendant Steven and Defendant Lily pursuant to a policy of insurance issued to Defendant Battle Creek, after Defendant Steven and Defendant Lily signed a release without the consent of Auto-Owners, eliminating their further claims and the subrogation rights of Auto-Owners.

7. Venue is proper in this district and division because the policy of insurance issued by Auto-Owners to Defendant Battle Creek was for Battle Creek's business located in Jasper, Marion County, Tennessee.

8. Defendant Battle Creek is located in the federal Eastern District of Tennessee and the Southern Division of that same district.

9. Under 28 U.S.C. §123(a)(3), the Southern Division of the Eastern District of Tennessee is the proper venue for actions arising out of Marion County, Tennessee.

10. This court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1332(a) in that there is complete diversity of citizenship between the Plaintiff and the Defendants and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

11. Plaintiff is a citizen of Michigan and Defendants are citizens and residents of Tennessee. Complete diversity of citizenship does exist.

12. The policy limits for uninsured motorist coverage under the policy issued to Defendant Battle Creek are $1,000,000 for each person and up to $1,000,000 for each occurrence. These policy limits exceed the minimum amount in controversy requirement of $75,000 required for this court to exercise jurisdiction over this matter.

13. A demand for uninsured motorist benefits had been made by Defendants Steven and Lily for both "policy limits" and $750,000.

14. The amount in controversy in this Declaratory Judgment action exceeds the sum or value of $75,000 exclusive of interest and costs.

15. This court has personal jurisdiction over Plaintiff and Defendants.

## II. SPECIFIC ALLEGATIONS

16. Auto-Owners issued a policy of insurance (the "Policy") to Defendant Battle Creek.

17. The Policy issued to Defendant Battle Creek was a garage liability coverage insurance policy.

18. The Policy No. for the Policy is 47-528-257-00.

19. The Policy had an effective date of February 6, 2012.

3

20. A copy of the Policy is attached hereto as *Exhibit 1* and is incorporated herein by reference.

21. Consistent with the Tennessee Uninsured Motor Vehicle Coverage statute, Tenn. Code Ann. § 56-7-1201 *et seq.*, the Policy contains the following language as part of the insuring agreement:

**2. COVERAGE**

    **a.**    **We** will pay compensatory damages any person is legally entitled to recover from the owner or operator of an **uninsured auto** for **bodily injury** sustained while **occupying** an **auto** that is covered by **SECTION II – LIABILITY COVERAGE** of the policy.

    **d.**    Whether an injured person is legally entitled to recover damages and the amount of damages shall be determined by agreement between the injured person and **us**. **We** will not be bound by any judgments for damages obtained unless we are timely served process as a party defendant as required by law or settlements made without **our** written consent.

**5. CONDITIONS**

The following conditions apply in addition to those contained in **SECTION VII – GENERAL CONDITIONS** of the policy.

    **c.**    **NOTICE OF PROPOSED SETTLEMENT – SUBROGATION RIGHTS**

        **(1)**    If an injured person or, in the event of death, the personal representative of such person agree to settle a claim with a liability insurer and its insured, the injured person or the injured person's personal representative:

            **(a)**    May accept the offer;

            **(b)**    Execute a full release of the party or parties on whose behalf the offer is made; and

            **(c)**    Preserve the right to seek additional compensation from **us** upon agreement of the injured person or the injured person's personal representative to submit the injured person's uninsured motorist claim to binding arbitration of all issues of tort liability and damages provided:

                1)    Such offer is for the sum of the limits of insurance of all liability insurance policies providing coverage to the party or parties on whose behalf the offer is made and in an

aggregate amount which is less than the Uninsured Motorist coverage applicable to the **bodily injury** or death of such person; or

2) If by payments to other injured persons, the limits of all liability insurance policies providing coverage to the injured person on whose behalf the offer is made have been reduced to an amount which is less that the limits of the insured person's Uninsured Motorist coverage, such offer must be for the total amount of coverage that remains available to the party or parties on whose behalf the offer is made; and

3) If the settlement does not release all parties alleged to be liable to the injured person, arbitration of the uninsured motorist claim shall not be conducted until the claim against all such other parties have been fully and finally disposed of by settlement, final judgment or otherwise.

(2) Parties proposing to accomplish a settlement pursuant to this section shall comply with the following requirements and conditions:

(a) The injured person or the injured person's personal representative or attorney shall provide the liability insurance company or companies providing coverage to the party or parties to be released:

1) **Our** name and address;

2) The policy number(s); and

3) The limits of uninsured motorist coverage available to the injured person.

(b) The liability insurance company or companies providing coverage to the party or parties to be released:

1) Shall give written notice of the offer to **us** or to **our** attorney;

2) Shall provide verification of the coverage upon request; and

3) Shall confirm to **us** and **our** attorney that the party or parties to be released will agree in writing to cooperate with **us** in connection with the arbitration of the uninsured motorist claim, provided **we** agree to waive **our** subrogation rights against the party or parties to be released.

5

- (c) The injured person or the injured person's personal representative or attorney shall give written notice to **us** or **our** attorney of the injured person's:

    1) Intent to accept the offer; and

    2) Agreement to submit the uninsured motorist claim to binding arbitration.

(3) Within thirty (30) days after our receipt of both of the notices referred to in paragraphs **6.b.(2)** and **6.b.(3)** above, **we** shall notify the injured person or the injured person's personal representative or attorney and the liability insurance carrier(s) or their attorneys that:

- (a) **We** consent to the settlement, shall agree to binding arbitration of the injured person's uninsured motorist claim and shall waive **our** subrogation rights against the party or parties to be released in exchange for their written agreement to cooperate in connection with the arbitration; or

- (b) **We** shall pay the injured person the full amount of the offer made by the liability insurance company or companies providing coverage to the party or parties seeking the release, may elect to decline binding arbitration and preserve **our** subrogation rights against the party or parties responsible.

(4) In the event we consent to the settlement, agree to binding arbitration of the injured person's uninsured motorist claim and waive **our** subrogation rights against the party or parties to be released in exchange for their written agreement to cooperate in connection with the arbitration **we** shall mail the notice required by paragraph **6.c.(1)** above to the injured person.

- (a) Upon receipt of such notice:

    1) The injured person may proceed to execute a release of the party or parties on whose behalf the offer was made; and

    2) Upon execution of the release, receive payment of the settlement proceeds.

- (b) The arbitration required by **6.b.(3)(b)** above, shall be conducted pursuant to::

    1) Tennessee Code Annotated, Section 56-7-1206; and

    2) The Uniform Arbitration Act:

        a) Compiled in title 4, chapter 5, part 3; and

6

788944.2

Case 1:13-cv-00130-CLC-SKL   Document 1   Filed 04/19/13   Page 6 of 14   PageID #: 6

b) The provisions in title 29, chapter 5, parts 1 and 3.

(c) The arbitrator shall be selected by agreement of the injured person and **us**. If the injured person and **us** are unable to agree, either party may request a judge of a court of record in the county in which the arbitration is pending to designate three (3) potential arbitrators. The injured person and **us** shall then agree upon one of the three arbitrators so designated.

(d) Unless the injured person and **us** agree otherwise, the arbitration will take place in the county and state in which this policy was issued and the rules of evidence applicable to the state courts where the arbitration is conducted shall apply.

(e) The arbitrator shall not be informed as to the amount or amounts collected by the injured person by way of settlement or judgment prior to the conclusion of the arbitration. Disclosure of such information prior to the conclusion of the arbitration will result in disqualification of the arbitrator.

(f) Coverage issues shall be decided by a court of competent jurisdiction; the arbitrator shall decide issues of fault and, if fault is found, the amount of damages sustained by the injured person.

(g) If the arbitrator's award to the injured person is less than or equal to the total amount collected by the injured person by way of settlements or judgments plus the amount of any settlement offer made by **us** at least fifteen (15) days prior to the arbitration, the injured person shall pay the arbitrator's fee.

(h) If the arbitrator's award is greater than the total amount collected by the injured person by way of settlements or judgments plus the amount of any settlement offer made by **us** at least fifteen (15) days prior to the arbitration, **we** shall pay the arbitrator's fee.

(i) Nothing contained in this provision shall prohibit or preclude **us** and the injured person or the injured person's personal representative from settling the injured uninsured motorist claim at the time and upon such terms and conditions as are acceptable to the injured person and **us**.

(j) Paragraph **H.** of **SECTION VI – WHAT YOU MUST DO AFTER AN ACCIDENT, OCCURRENCE OR LOSS** of the policy does not apply.

(5) In the event **we** pay the injured person the full amount of the offer made by the liability insurance company or companies providing coverage to the party or parties seeking the release, notwithstanding the provisions above

7

788944.2
Case 1:13-cv-00130-CLC-SKL Document 1 Filed 04/19/13 Page 7 of 14 PageID #: 7

relating to binding arbitration, **we** shall mail the notice required by paragraph **6.c.(2)** above to the injured person.

   **(a)**   Acceptance of said amount by the injured person shall not operate as a release of the liability insurance carrier's insureds nor shall it prevent or preclude the injured person from seeking additional compensation from **us**.

   **(b)**   Upon acceptance by the injured person, **we** shall be subrogated to the extent of **our** payment and further subrogated to the extent **we** are required to make further payments of compensatory damages under uninsured motorist coverage of **our** policy.

   **(c)**   Upon final disposition of the case, the liability insurance carrier or liability insurance coverage available to said carrier(s) shall reimburse **us** in the amount of all policy limits applicable to the defendant on whose behalf the offer was made or in the amount of the judgment rendered against said defendant or defendants, whichever is less. In the event the judgment is in favor of said defendant or defendants, **we** shall not be entitled to reimbursement for any amounts paid to the insured person pursuant to this subsection.

   **(d)**   In the event the judgment exceeds the liability coverage available to such defendant or defendants, **we** shall be subrogated against said defendant or defendants to the extent of payments **we** are required to make in excess of such liability insurance coverage.

   **(e)**   **We** shall be entitled to credit for the total amount of damages collected by the insured person from all parties alleged to be liable for the **bodily injury** or death of an injured person whether obtained by settlement or judgment and whether characterized as compensatory or punitive damages.

**(6)**   The notices required by paragraphs **6.c.(b), 6.c.(2)(c)** and **6.3.** above shall be given"

   **(a)**   By certified mail, return receipt requested, or

   **(2)**   By some other method pursuant to which the sender receives written verification that the notice was received.

All other policy terms and conditions apply.

22.   On or about June 28, 2012, Defendants Steve and Lily were involved in an auto accident which occurred in Walker County, Georgia.

8

23. As a result of the incident, Defendants Steven and Lily had legal claims against Vickie Fox, the other driver involved in the accident.

24. On or about August 3, 2012, Defendants Steven and Lily executed a Limited Liability Release, Covenant not to Enforce Judgment, Lien Affidavit and an Indemnification Agreement ("Agreement"). A copy of the Agreement is attached hereto as *Exhibit 2*.

25. Pursuant to the Agreement, Defendants Steven and Lily released and forever discharged State Farm Mutual Automobile Insurance Company, State Farm Fire and Casualty Company and their heirs, executors, administrators, agents, attorneys and assigns from any and all claims, demands and damages of any kind or nature whatsoever.

26. By the Agreement, Defendants Steven and Lily also released and forever discharged Vickie Fox, her heirs, executors, administrators, agents, attorneys and assigns from all claims, demands or damages of any kind or nature whatsoever.

27. In consideration of the Agreement, $100,000 was paid by State Farm Mutual Automobile Insurance Company to Defendants Steven and Lily. The Agreement specifies that the amount is the liability limit of the applicable State Farm Mutual Automobile Insurance Company policy for Vickie Fox.

28. The Agreement executed by Defendant Steven and Defendant Lily provided a full and complete release to the other driver involved in the accident, Vickie Fox. The language of the Agreement states that Defendant Steven and Defendant Lily "hereby release and forever discharge Vickie Fox, her heirs, executors, administrators, agents, attorneys, and assigns from all claims, demands, damages, actions, causes of actions or suits of any kind or nature whatsoever. The release in the Agreement includes all claims, known and unknown, which have resulted or

9

may in the future result from an incident which occurred on or about June 28, 2012 in Walker County, Georgia."

29. Pursuant to the Agreement, Defendant Steven and Defendant Lily also contractually agreed that even if an action arising out of the automobile accident was to be tried to a conclusion and a judgment entered against Vickie Fox, they would not seek satisfaction of the judgment against Vickie Fox or against State Farm Mutual Automobile Insurance Company.

30. The Agreement further stated that Defendant Steven and Defendant Lily "will only seek satisfaction of said judgment to the extent necessary to satisfy the condition precedent of obtaining a judgment against any uninsured/underinsured motor carrier not released herein."

31. At the time of the execution of the Agreement, Defendant Steven and Defendant Lily knew of the existence of an uninsured motorist carrier and were aware of the issues involving uninsured motorist carriers.

32. Prior to executing the Agreement, Defendant Steven and Defendant Lily did not contact Auto-Owners.

33. Neither Defendant Steven, Defendant Lily, their legal counsel nor State Farm Mutual Automobile Insurance Company, provided any notice to Auto-Owners or to any counsel for Auto-Owners regarding Defendant Steven and Defendant Lily's desire to accept the settlement offer made by State Farm Mutual Automobile Insurance Company and Vickie Fox. Defendant Steven and Defendant Lily did not provide the notice required by Paragraph 5.c.(2) of the uninsured motorist coverage endorsement in the Policy.

34. Defendant Steven and Defendant Lily did not comply with Tenn. Code Ann. § 56-7-1206(g)(3) regarding giving notice of their intent to accept settlement offer from Vickie Fox and State Farm Mutual Automobile Insurance Company.

35. Auto-Owners did not receive notice of the settlement until after the Agreement had been executed.

36. Auto-Owners did not have the opportunity to consent or withhold its consent from the settlement.

37. As a result, Defendant Steven and Defendant Lily did not comply with the requirements of the uninsured motorist coverage endorsement to the garage Policy and with the requirements of Tenn. Code Annotated § 56-7-1206.

38. Defendant Steven and Defendant Lily have not agreed to submit their uninsured motorist claim to arbitration as required by Paragraph 5.c.(1)(b) and Tenn. Code Ann. § 56-7-1206(f).

39. Defendant Steven and Defendant Lily violated the conditions of the uninsured motorist coverage in the Policy by entering into the settlement agreement with State Farm Mutual Automobile Insurance Company and Vickie Fox without first contacting Auto-Owners regarding the settlement.

40. As a result of their actions, Defendant Steven and Defendant Lily are no longer able to legally recover from the owner or operator of an uninsured auto, and the uninsured motorist coverage provided by the Policy is thus not activated.

41. Due to Defendant Steven and Defendant Lily's actions, Auto-Owners has no obligation or duty to provide uninsured motorist benefits to Defendant Steven and Defendant Lily pursuant to the Policy.

42. As a result, a dispute has arisen regarding the respective rights of Auto-Owners, Defendant Steven, Defendant Lily, and Defendant Battle Creek regarding whether Auto-Owners

had any duty to pay any uninsured motorist coverage benefits to Defendant Steven and Defendant Lily under the Policy.

43. The Policy was issued to Defendant Battle Creek at its place of business at 375 Commerce Place, Jasper, Tennessee 37347-5319.

44. The Policy was issued to a Tennessee entity and was issued with the intent to benefit a Tennessee resident and citizen.

45. Tennessee law applies to the Policy pursuant to Tenn. Code Ann. § 56-7-102 as the Policy was issued to or for the benefit of a citizen or resident of the state of Tennessee.

46. Tennessee law applies to the Policy under the doctrine of lex loci contractus as the Policy was issued and delivered in Tennessee to a Tennessee company.

47. Tennessee law applies to the Policy pursuant to Tenn. Code Ann. §56-7-1201.

48. As a result, the Court should construe the Policy and the rights and obligations of the parties under the Policy pursuant to Tennessee law.

49. Under Tennessee law, Auto-Owners has no duty or obligation to provide uninsured motorist benefits under the Policy to Defendant Steven and Defendant Lily.

50. Defendant Battle Creek is a proper party to this declaratory judgment action pursuant to Tenn. Code Ann. § 29-14-107. It is the named insured on the Policy, and it had an interest in whether uninsured motorist benefits are paid to Defendant Steven and Defendant Lily under its Policy.

51. Defendant Steven is a proper party to this declaratory judgment action pursuant to Tenn. Code Ann. § 29-14-107, as this action will determine whether he is entitled to any uninsured motorist coverage benefit under the Policy.

52. Defendant Lily is a proper party to this declaratory judgment action pursuant to Tenn. Code Ann. § 29-14-107, as this action will determine whether she is entitled to any uninsured motorist coverage benefit under the Policy.

53. Neither Auto-Owners nor any of the Defendants have sought to have this question addressed by any other Court.

54. In sum, as a result of releasing their claims against the at-fault driver and her insurer, Defendant Steven and Defendant Lily are not entitled to recover uninsured motorist benefits for two reasons. First, they are no longer able to legally recover from the owner or operator of an uninsured auto, so the Coverage grant quoted above is not activated. Second, they have violated a policy condition precedent to recovery.

WHEREFORE, Auto-Owners respectfully request the following relief:

1. That service of process be issued and served upon the Defendants in this matter;

2. That the Court declare that Auto-Owners has no duty or obligation to pay any uninsured motorist coverage benefits under the Policy to Defendant Steven Scott or Defendant Lily Scott based upon the facts of this case; and

3. For any other relief which the Court in its discretion finds just and proper.

Respectfully submitted,

WOOLF, McCLANE, BRIGHT,
  ALLEN & CARPENTER, PLLC


By *s/Dean T. Howell*
   Howard E. Jarvis, BPR No. 006673
   *jarvish@wmbac.com*
   Dean T. Howell, BPR No. 022130
   *howelld@wmbac.com*

Post Office Box 900
Knoxville, Tennessee 37901-0900
(865) 215-1000

*Attorneys for Plaintiff Auto-Owners Insurance Company*